UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**CYNTHIA NICHOLS, as guardian
of the property of SMN, a minor child,**

      Plaintiff,

v.                                            CASE NO. 3:04-cv-589-J-25HTS

**STATE OF FLORIDA, DEPARTMENT
OF CHILDREN AND FAMILIES, et al.,**

      **Defendants.**
_____/

## ORDER

**THIS CAUSE** is before this Court on Defendant Department of Children and Families' (DCF) Motion to Dismiss Count I of Amended Complaint (Dkt. 36), Plaintiff's response thereto (Dkt, 44), Defendants Donna Maynard, Stacy Merritt, Kathy McClenithan, Lin Pelter and Ester Tibbs' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 41), and Plaintiff's response thereto (Dkt. 51).

### I. Background

On June 6, 2004, Plaintiff filed a complaint in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. The Defendants then removed the action to this Court on July 15, 2004. Plaintiff's initial complaint was dismissed, and the amended complaint was filed March 21, 2005. In her amended complaint Plaintiff alleges negligence against DCF in violation of Fla. Stat. 768.28 (Count I) and Section 1983 Civil Rights Actions against each of the remaining named Defendants (Counts II-VI). Plaintiff, on behalf of minor child SMN, alleges that SMN was sexually assaulted by JK, a 10 year old foster child, who had been placed in the same foster home (Woodby)

by the DCF. The Complaint claims that the DCF and its employees had knowledge of JK's history of sexually acting out, knew of the presence of other children in the Woodby home, failed to reasonably monitor the placement of SMN, and failed to remove JK from the Woodby home when the Defendants knew or should have known that SMN and his brother were being sexually molested. As a result of the alleged acts, SMN suffered bodily injury, pain and suffering, disability, disfigurement, mental anguish, emotional distress, fear, embarrassment, humiliation and psychiatric trauma.

Defendant DCF moves to dismiss Count I arguing that the claim violates the statute of limitations or alternatively that DCF is entitled to sovereign immunity. Defendants Donna Maynard, Stacy Merritt, Kathy McClenithan, Lin Pelter and Ester Tibbs[1] move to dismiss the remaining counts arguing that Plaintiff has failed to state a claim for deliberate indifference under 42 U.S.C. Section 1983 and the individual Defendants are entitled to qualified immunity.

## II. DCF's Motion to Dismiss

Plaintiff alleges that DCF had a duty to protect the health, safety and welfare of SMN, a minor child under the custody, care and supervision of the Department, at all times and that DCF breached that duty by placing JK in the Woodby home. DCF moves to dismiss Plaintiff's complaint because the statute of limitations has run on the claims, or alternatively because DCF is entitled to sovereign immunity.

### A. Statute of Limitations

Pursuant to Florida Statute, Section 768.28(14), "every claim against the State or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this

---

[1] This Court will refer to these Defendants as the "individual Defendants."

section shall be forever barred unless the civil action is commenced by filing a Complaint in the court of appropriate jurisdiction within 4 years after such claim accrues." DCF argues that because the complaint was filed on June 4, 2004, any allegations of actions taken before June 4, 2000 are barred. Similarly, Defendant argues, Section 768.28(6)(a) bars an action against the State or one of its agencies, "unless the claimant presents the claim in writing to the appropriate agency, and also, ...presents such claim to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing." Plaintiffs filed the notice on February 17, 2003. Based on these limitation provisions, DCF argues, any actions that occurred before June 4, 2000 and/or February 17, 2000 are barred by the statute of limitations.

The Court finds Defendant's arguments to be unpersuasive. The proper measure for statute of limitations purposes is not when the event took place, but rather when the claim accrued. Under Florida Rule of Civil Procedure 1.210, a minor is incapable of bringing an action on his or her own behalf, but can only sue through a guardian ad litem, next friend or other duly appointed representative. Therefore, the statute of limitations does not begin to run against the minor child until the parent or guardian knew or reasonably should have known those facts which support a cause of action. *Drake v. Island Community Church, Inc.*, 462 So.2d 1142, 1144 (Fla. 3d DCA 1984). Here, SMN was allegedly abused on June 7, 2000, which was the first time any adult became aware of SMN's abuse and was within the limitations period. Furthermore, he was not removed from the foster home and returned to his natural father until some time after the abuse occurred. Additionally, the attorneys in this case did not receive the DCF records until 2003 which provided the factual basis for the claim. Finally, Cynthia Nichols was not appointed guardian of the property of SMN until

3

2004 and had no knowledge of the incident prior to that time. It is clear that Plaintiff's claims did not accrue until after June 4, 2000. Therefore, the Court finds that Plaintiff's claims are not barred by the statute of limitations.

**B. Sovereign Immunity**

DCF also moves to dismiss Plaintiff's complaint because it is entitled to sovereign immunity. DCF claims that Plaintiff's basis for liability is a juvenile placement decision which is a "discretionary planning or juvenile function" and thus is immune from liability on a claim of negligent placement. *Department of Health and Rehabilitive Services v. BJM,* 656 So.2d 906 (Fla. 1995). However, Defendant fails to note that not only are many of Plaintiff's claims based on negligent supervision as well as negligent placement, but the Florida Supreme Court in *BJM,* went on to write that it "will not hesitate to subject the agency to tort liability when its negligently conducted operational level activities expose children to specific foreseeable dangers that result in physical injuries to the children. *Id.* at 916. In *Department of Heath and Rehabilitation Services v. Whaley,* 574 So.2d 100, 104 (Fla. 1988), the Florida Supreme Court held that the assignment of juveniles to a particular location in an HRS facility is an operational level decision, not protected by sovereign immunity when HRS (the predecessor to DCF) had a duty to protect the child from potential harm by third persons where the risk of harm should have been foreseeable. The Court finds that though the assignment of SMN and JK to a particular foster home may have been discretionary, operation level decisions, the DCF can not claim sovereign immunity when, as alleged here, it was responsible for the welfare of SMN and disregarded the harm of placing him in a home with JK. Therefore, DCF's motion to dismiss is denied.

## III. Individual Defendants' Motion to Dismiss

In Counts II-VI of the amended complaint, the individual Defendants are said to have violated the civil rights of SMN because they were deliberately indifferent his Fourteenth Amendment substantive due process right to physical safety as a dependent child in the custody of the Florida DCF Services. Individual Defendants move to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted and because they are entitled to qualified immunity.

### A. Failure to State a Claim and Qualified Immunity

Dismissal for failure to state a claim upon which relief may be granted is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In making this determination the Court is restricted to consideration of facts alleged in the complaint itself. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). Further, the facts set forth in the complaint must be viewed in the light most favorable to the plaintiff. *Quality Foods De Centro America v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Finally, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require a plaintiff to plead specific allegations of every situation or condition that may be presented at trial. However, "the rule that heightened specificity is required in civil rights actions against public officials who may be entitled to qualified immunity" must not be ignored. *Magluta v. F.P.*, 256 F.3d 1282, 1284 (11th Cir. 2001).

The individual Defendants argue that Plaintiff's claims against them should be dismissed on the basis of qualified immunity and because Plaintiff fails to state a claim for deliberate indifference. These arguments will be addressed together. In order to assert a qualified immunity defense, the

public official Defendant must prove that "he was acting within the scope of his discretionary authority when the allegedly wrongful act occurred." *Courson v. McMillan*, 939 F.2d 1479, 1487 (11th Cir. 1991). Here, it is clear that the individual Defendants were acting in their official capacity. The actions alleged by Plaintiff were failures related to licensing foster homes, placement of children in foster homes, and monitoring and oversight of the foster children. Plaintiff does not dispute that the individual Defendants' actions were part of their discretionary authority as DCF employees.

The burden now shifts to Plaintiff to demonstrate, through the heightened pleading standard, that qualified immunity is not appropriate. To meet this standard, Plaintiff must first show that the public official violated a clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 181-19 (1982). The Court of Appeals for the Eleventh Circuit has "clearly established in this circuit that foster children have a constitutional right to be free from unnecessary pain and a fundamental right to physical safety." *Ray v. Foltz*, 370 F.3d 1079, 1802 (11th Cir. 2004).

Additionally, the law requires that Plaintiff be able to show that the defendants were deliberately indifferent to the violation of this right. *Id.* at 1803. To state a claim for deliberate indifference, Plaintiff must allege that a public official recklessly disregarded a risk of harm of which she was actually aware. *Id.* Therefore, in order to establish deliberate indifference, the plaintiff must allege "that the defendant 1) was objectively aware of a risk of serious harm; 2) recklessly disregarded the risk of harm; and 3) this conduct was more than merely negligent." *Id.* (citing *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). While there is no allegation that the individual Defendants actually knew of the abuse suffered by SMN, Plaintiff alleges that Defendants knew of a risk of serious harm, and recklessly disregarded that risk.

6

Examining the allegations in the complaint in the light most favorable the Plaintiff, the Court finds that Plaintiff has made the requisite showing to satisfy her burden. Plaintiff alleges that the individual Defendants had knowledge of JK's history of sexually acting out. Defendant McClenithan informed foster parent Patricia Woodby of JK's history on October 12, 1998. Additionally, JK's case file contained incident reports of sexually acting out. Despite this knowledge, JK was placed in the Woodby foster home on three separate occasions even though the individual Defendants were aware that younger children were in the home, and that the children shared a bedroom. Additionally, JK was place in the home where more than 5 children already resided in violation of the rule of 5, a written policy of the DCF. Plaintiff alleges that Defendant Maynard, a supervisor of family services counselors, had direct interaction with Ms. Woodby and had the opportunity to examine the circumstances of JK's placement in the Woodby home. Plaintiff alleges that Defendants Merritt and McClenithan were counselors whose duty it was to visit and oversee the Woodby foster home. Defendant Pelter, a family safety program manager, also was involved with the supervision of the Woodby home for purposes of protecting the safety of the children and to prevent overcrowding. Plaintiff has sufficiently alleged that each of these Defendants had access of JK's case history and thus knew of the potential risk in placing JK in the Woodby home. Additionally, Plaintiff has sufficiently pled that they disregarded this risk. JK was placed in the Woodby home on three separate occasions and none of these Defendants took any action to protect SMN though they were aware that JK was sharing a room with him. This breach of duty to SMN, a child in the custody of DCF and supervised by Maynard, Merritt, McClenithan, and Pelter is more than mere negligence. These individuals allegedly ignored JK's ample history of sexually acting out, and thus Plaintiff has stated a claim for deliberate indifference and qualified immunity does not apply.

Plaintiff also brings a Section 1983 action against Defendant Tibbs, the District 3 Administrator. Plaintiff alleges that Tibbs knew of the overcrowding and under funding problems in District 3 and was responsible for the counselors and supervisors under her, including the above named Defendants. However, unlike the other individual Defendants, Plaintiff makes no allegation that Defendant Tibbs had any particular knowledge of the history of JK, nor the specific circumstances in the Woodby home. Plaintiff has therefore failed to show that Tibbs was "objectively aware of a risk of serious harm." The Court finds that Defendant Tibbs is immune from suit under the qualified immunity doctrine.

Accordingly, it is **ORDERED**:

1. Defendant Department of Children and Families' Motion to Dismiss (Dkt.36) is **DENIED.**

2. Defendants Maynard, Merritt, McClenithan, Pelter and Tibbs' Motion to Dismiss Plaintiff's Complaint and memorandum in support (Dkt. 41) is **GRANTED in part,** with respect to Defendant Tibbs, and **DENIED in part,** with respect to Defendants Maynard, Merritt, McClenithan and Pelter.

3. The parties are instructed that the Case Management Report is due within **10 days** of the entry of this Order.

**DONE AND ORDERED** in Chambers this 23 day of September 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record